1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUAN BINH TRAN,** | Case No. 1:16-cv-00459-MJS (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |
| **v.** | **ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |
| **TROY LUND, et al.,** | |
| Respondents. | |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is incarcerated at the Federal Correctional Institution at Mendota, California. He is serving a 77-month sentence imposed on December 27, 2013, by the United States District Court for the Eastern District of California ("EDCA") in United States v. Luan Tran, EDCA Case No. 2:12-cr-00409-TLN (ECF No. 69), of which this Court takes judicial notice. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

On March 23, 2016, Petitioner filed a "Motion to Issue Order Directing Respondents to Lift a Department of Homeland Security Detainer Pursuant to 8 U.S.C. §§ 1252 and 1253" ("Petition"). Petitioner seeks an order requiring Immigration and

1

Customs Enforcement ("ICE") to lift, remove, or recall the current detainer ICE apparently has filed against him for removal once his present sentence has been completed. (See Pet. at 1-2, 5-10.) Petitioner alleges that the ICE detainer is improper because he is a national from Vietnam, and that Vietnam, as a Communist regime, does not keep diplomatic relations with the United States. (Pet. at 9.) Petitioner also generally alleges a due process violation because his status as an immigration detainee prohibits him from gaining access to federally-designated programs under 18 U.S.C. section 3621 (residential substance abuse treatment programs and incentives) administered by the Bureau of Prisons ("BOP"). (Pet. at 5.)

## I.      SCREENING THE PETITION

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to this petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice of pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II.   DISCUSSION

### A.   The Court Is Without Jurisdiction to Consider Petitioner's ICE Detainer

A prisoner may not challenge an ICE detainer in a petition for writ of habeas corpus under 28 U.S.C. § 2241. Federal jurisdiction over a petition for writ of habeas corpus exists only for persons "in custody" at the time the petition is filed. See 28 U.S.C. § 2241(c). An ICE detainer, such as that alleged to exist in this case, "does not sufficiently place an alien in [ICE] custody to make habeas corpus available." Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995) (quoting Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994), superseded by statute on other grounds).

The Ninth Circuit has recognized one exception to this rule, i.e., where an alien is "subject to a final order of deportation," the alien is "'in custody' for purposes of the [Immigration and Nationality Act ("INA")], and therefore may petition a district court for habeas review of that deportation order." See Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir. 1995); see also Veltmann-Barragan v. Holder, 717 F.3d 1086, 1088 (9th Cir. 2013). Under the INA, an "order of deportation" concludes that an alien is deportable and orders deportation. See 8 U.S.C. § 1101(a)(47). Such an order becomes final upon the earlier of a determination by the Board of Immigration Appeals ("BIA") affirming the order, or the expiration of the time to seek BIA review.

Petitioner has not alleged that he is subject to a final removal or deportation order. Petitioner alleges that there is an ICE detainer in his file, but has provided no information regarding the detainer, or whether he had been subject to deportation proceedings.

From these allegations, it appears that Petitioner is challenging an ICE detainer without a final removal order. Petitioner has not alleged sufficient facts to establish he is

3

in custody based on the detainer as to confer habeas jurisdiction. Campos v. INS, 62 F.3d at 314; Garcia v. Taylor, 40 F.3d at 303.

### B.   The Court Is Without Habeas Jurisdiction to Hear Petitioner's Challenge to His Exclusion from Early Release Programs

Petitioner asserts that his immigration detainee status prohibits him from access to "early release" programs available under 18 U.S.C. section 3621. (Petition at 7). He generally alleges that his "constitutional rights and liberty interests" are being affected by the issuance of the ICE detainer. (Id.)

Section 3621(e) provides for residential drug abuse treatment ("RDAP") and incentives for completion of the treatment, including sentence reduction. See Section 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.") However, immigration detainees are not eligible for early release under Section 3621(e). See 28 C.F.R. § 550.55(b)(1).

The Administrative Procedures Act, 5 U.S.C. §§ 701-706 ("APA"), specifically denies the Court the authority to review the BOP's decisions under 18 U.S.C. § 3621. In Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011), the Ninth Circuit held that 18 U.S.C. § 3625 precludes judicial review of "any determination" by the BOP made pursuant to 18 U.S.C. §§ 3621-3624:

> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA. . . do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621-3624. . . . To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625.

Reeb, 636 F.3d at 1227; see also Close v. Thomas, 653 F.3d 970, 973 (9th Cir. 2011) (noting same).

Reeb clarified that judicial review remains available for allegations that a BOP action is contrary to established federal law, violates the United States Constitution, or

exceeds its statutory authority. See Reeb, 636 F.3d at 1228; see also Close v. Thomas, 653 F.3d at 973-74 (noting same). However, as in Reeb, Petitioner has made no such showing that judicial review remains available. Petitioner alleges that Respondents abused their authority in reissuing his ICE detainer. (Petition at 9-10.) While Petitioner generally couches his claim as one concerning his Due Process and liberty interests, any such claim must necessarily fail.

Further, Petitioner cannot prevail on his general due process claim because inmates do not have a protected liberty interest in either RDAP participation or in its associated discretionary early release benefit, or in pre-release placement in a community correctional facility. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (determining that a prisoner does not have a constitutional right to be released prior to the expiration of a valid sentence); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (concluding that discretionary determinations regarding conditions of confinement do not create due process rights); Peck v. Thomas, 697 F.3d 767, 774 (9th Cir. 2012) (inmate has no liberty interest in sentence reduction in exchange for completion of RDAP); Reeb, 636 F.3d at 1228 n.4 (same); Badea v. Cox, 931 F.2d 573, 576 (9th Cir. 1991) (finding Section 3624(c) and associated regulations do not create a liberty interest in assignment to community correctional facility; noting that inmates who have detainers are not ordinarily eligible for reassignment to community treatment centers).

For these reasons, Petitioner's allegations are insufficient to confer habeas jurisdiction for the Court to consider Petitioner's challenge to his exclusion from the early release programs.

Finally, the Court notes that Petitioner's citation to Dinh Tran Canh v. United States, 2013 U.S. Dist. Lexis 120358 (2013), does not provide a basis for jurisdiction. The detainee in that case sought an order lifting his immigration detainer via habeas petition. However, before any responsive pleading was filed, ICE issued a notice lifting the immigration detainer which mooted that action. There was no determination of

jurisdiction. <u>See</u> <u>Dinh Tran Canh v. United States</u>, C.D. Cal. Case No. CV 13-5002-JSL(FFM). Petitioner has presented no evidence in his case that his immigration detainer has been lifted.

**III.    RECOMMENDATION**

Accordingly, it is hereby recommended that the petition for writ of habeas corpus be dismissed for lack of jurisdiction. Further, the Clerk of Court is ordered to assign a District Court judge to the instant action.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   May 11, 2016                     /s/ *Michael J. Seng*
                                                        UNITED STATES MAGISTRATE JUDGE